|  |  |  |  |
|---|---|---|---|
| RICHARD S. TENPENNY, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | No.: | 4:26-CV-11-CLC-MJD |
| CHAD PARTIN and | ) | | |
| VANESSA JACKSON, | ) | | |
| | ) | | |
| Respondents. | ) | | |

## **MEMORANDUM & ORDER**

Petitioner Richard S. Tenpenny, a prisoner proceeding pro se in this federal habeas action under 28 U.S.C. § 2254 (Doc. 2), has filed a motion seeking leave to proceed *in forma pauperis.* (Doc. 1.) On February 26, 2026, this Court entered an Order finding Petitioner had failed to submit the necessary documents to proceed *in forma pauperis* and providing him with thirty (30) days within which to submit the proper documents or pay the $5.00 filing fee. (Doc. 6.) That deadline has passed, and Petitioner has not complied with the Court's Order or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b).") (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). Rule 41(b) applies in this action. *See* Rule 12, Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the

extent that they are not inconsistent with any statutory provisions or these rules, may be applied in proceedings under these rules."). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Here, Petitioner's failure to timely comply with the Court's Order was due to his willfulness or fault, as he has chosen not to comply with, or even respond to, the Court's Order. And the Court's Order expressly warned Petitioner that it would dismiss this action if he failed to timely comply. (Doc. 6 at 2.) Given these unambiguous instructions and Petitioner's noncompliance, dismissal is appropriate.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Petitioner's pro se status did not prevent him from complying with the Court's Order, and his status does not mitigate the balancing of factors under Rule 41(b). Accordingly, this action is **DISMISSED** pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Considering this ruling, the Court must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. *See* 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" on any claim rejected on its merits, which a petitioner can do by demonstrating

2

that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because jurists of reason would not debate the Court's assessment, a **COA WILL NOT ISSUE**. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24(a). Therefore, should Plaintiff file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*. *See id*.

       **SO ORDERED.**

       **AN APPROPRIATE JUDGMENT ORDER SHALL ENTER.**

**/s/**                            
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

3